

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-4-2002

# Brown v. Croak

Precedential or Non-Precedential: Precedential

Docket No. 01-1207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Brown v. Croak" (2002). *2002 Decisions.* Paper 791.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/791

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed November 27, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1207

SAMUEL E. BROWN,
        Appellant

v.

PAUL CROAK, Food Service Manager II; DONALD
SHARPP, Food Service Manager I; MR. BALLOCK, CFSS;
MR. DROSS, CFSS; JOHN MCCULLOUGH,
Superintendent, SCI Houtzdale; WILLIAM E. SPECK,
Deputy Superintendent for Facility Management; J.
BARRY JOHNSON, Deputy Superintendent for Central
Services; DEAN A. KYLER, Major; HENRY A. TATUM,
Major; MARTIN F. HORN, Secretary of the Pa. Dept. of
Corrections; MELANIE TINSMAN, Corrections Health Care
Administrator; JOHN DOE, Physician Assistant; JOHN
DOE, Doctor; JOHN DOE, Health Care Agency

Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. No.: 00-cv-00005J
District Judge: Honorable D. Brooks Smith

Argued: October 15, 2002

Before: BECKER, Chief Judge, ROTH
and ROSENN, Circuit Judges.

(Filed: November 27, 2002)


        Bruce P. Merenstein, Esq. (Argued)
        Nancy Winkelman, Esq.
        Schnader, Harrison, Segal &
         Lewis, LLP
        1600 Market Street, Suite 3600
        Philadelphia, PA 19103-7286

         Counsel for Appellant

        Scott A Bradley, Esq. (Argued)
        Rodney M. Torbic, Esq.
        Office of the Attorney General
        6th Floor, Manor Complex
        564 Forbes Avenue
        Pittsburgh, PA 15219

         Counsel for Appellees

OPINION OF THE COURT

ROSENN, Circuit Judge.

A group of prisoners in a Pennsylvania State Correctional Institution (SCI-Houtzdale) assaulted and injured plaintiff Samuel Brown, a non-smoking prisoner, because he was using the small, single-toilet, cafeteria bathroom when they wanted to smoke. Brown contends that the prison officials' failure to enforce their "no smoking" policy adopted in 1996 caused his injuries. He further claims that after he sustained severe personal injuries, the prison officials were deliberately indifferent to his medical needs. He also alleges that they retaliated against him for filing a grievance asserting that the prison did not give him adequate medical treatment. The District Court adopted the Magistrate Judge's First Report and Recommendation and dismissed Brown's claims of indifference to his medical needs, retaliation, and all claims against Secretary Horn. However, the defendants concede that these claims were dismissed prematurely. We agree.

The District Court also adopted the Magistrate Judge's Second Report and Recommendation and dismissed Brown's remaining claim that the prison violated his Eighth

2

Amendment rights by failing to protect him from the assault. The District Court held that Brown did not exhaust his administrative remedies. Brown concedes that he did not meet the formal requirements of Pennsylvania's Department of Corrections Consolidated Grievance System (DC-ADM 804). However, there is an unresolved factual question as to whether the prison officials informed Brown that this avenue was not available to him until the termination of a pre-grievance investigation and then indefinitely delayed completion of the investigation. We hold that the defendants did not carry their burden of proving the affirmative defense of failure to exhaust remedies under the Prison Reform Litigation Act (PRLA), 42 U.S.C. S 1997e(a). See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

I.

The availability of administrative remedies to a prisoner is a question of law. See Ray, 285 F.3d at 291. The PRLA does not require exhaustion of all remedies. Rather, it requires exhaustion of such administrative remedies "as are available." 42 U.S.C. S 1997e(a); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000).

Failure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant. See Ray, 285 F.3d at 295. In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss. Id. at 295 n.8.1 Without permitting discovery, the District Court granted the defendant's motion to dismiss or for summary judgment.

The defendants argue that Brown failed to exhaust his administrative remedies because he did not even attempt to

_____

1. Brown's suggestion that it may always be improper to dismiss for failure to exhaust remedies at the pleadings stage is without merit. Ray states that: "[w]e do not suggest that defendants may not raise failure to exhaust as the basis for a motion to dismiss in appropriate cases." Ray, 285 F.3d at 295 n.8. We do not reach the question of under what circumstances a defendant may carry its burden of proving failure to exhaust on the pleadings except to hold that the defendants have not done so here.

file a grievance for "initial review." Under DC-ADM 804, Brown could have filed a grievance even if a security investigation was on-going.

Brown contends in his brief that he complained informally to security officials who told him that he must "wait until this investigation was complete before filing a formal grievance." However, "months after he initiated this investigation, he still was not informed that the investigation was concluded." The defendants argue that there is no evidence in the record that Brown complained informally to prison officials or that security officials told him that he must wait until the resolution of the investigation before filing a formal complaint.

We conclude that Brown's argument in his brief is adequately supported by his earlier pro se affidavit. In his affidavit, Brown averred that he "was induced, led to believe, based on this policy statement [in DC-ADM 804] as well as by security, that [he] was required to first wait for their completion of the investigation and that [he] could then pursue a grievance in the event [he] was not satisfied with their findings or conclusion of the investigation" (emphasis added). Because this is an appeal from an order granting a motion to dismiss or for summary judgment, we view the facts in the light most favorable to Brown. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). Without further discovery, we conclude that there is insufficient evidence to find that Brown failed to exhaust his administrative remedies. Cf. Ray, 285 F.3d at 297 (explaining that "[w]ithout further inquiry, the District Court was not in a position to reach the conclusion that Ray failed to exhaust his administrative remedies"); Rose v. Bartle, 871 F.2d 331, 342 (3d Cir. 1989) (holding that a District Court may not grant summary judgment without giving plaintiff an opportunity to submit materials admissible in a summary judgment proceeding or allowing a hearing on defendant's motion).

Defendants have not met their burden of proving the affirmative defense of failure to exhaust remedies. Therefore, this question may not be resolved as a matter of

law by this Court without further discovery. See Ray, 285

4

F.3d at 297. Brown's claim that prison officials told him to wait is a factual question that is disputed, has not yet been disproved by defendants, and has not been resolved adequately by a trier of fact.

II.

The defendants concede that their failure to exhaust argument would have no merit if Brown was told to wait until the security investigation was complete before filing a grievance. We agree.

Congress' intent in passing the PRLA was to wrest control of prisons from lawyers and inmates and return it to prison administrators. See Ray, 285 F.3d at 294. The exhaustion provision of the PRLA is a bright-line rule. See Nyhuis, 204 F.3d at 75. There is no futility exception to the PRLA. Id. at 71. In Nyhuis, we reasoned that a futility exception would frustrate Congress's purpose of stemming prisoner lawsuits and preventing strategic circumvention of PRLA's exhaustion requirement. Id. at 74.

At its core, Brown's argument is not based upon a futility rationale. Rather, Brown contends that he relied to his detriment on the defendants' erroneous or misleading instructions that he must wait until the conclusion of an investigation before pursuing formal remedies. There is an unresolved factual question as to whether he was given these instructions.

The salient questions at this stage are whether Brown was entitled to rely on instructions by prison officials that are at odds with the wording of DC-ADM 804 and whether these instructions rendered the formal grievance procedure unavailable to him within the meaning of 42 U.S.C. S 1997e.

Section 1997e(a) only requires that prisoners exhaust such administrative remedies "as are available." Camp v. Brennan, 219 F.3d at 281. The availability of additional remedies to a prisoner is a question of law. See Ray, 285 F.3d at 291. "Available" means "capable of use; at hand." See Webster's II, New Riverside University Dictionary 141 (1994 ed.); see also Black's Law Dictionary 135 (6th ed.

5

1990) (defining "available" as "suitable; useable; accessible; obtainable; present or ready for immediate use. Having sufficient force or efficacy; effectual; valid."). Brown's argument is essentially that officials in the security department of the prison thwarted his efforts to exhaust his administrative remedies.

Assuming security officials told Brown to wait for the termination of the investigation before commencing a formal claim, and assuming the defendants never informed Brown that the investigation was completed, the formal grievance proceeding required by DC-ADM 804 was never "available" to Brown within the meaning of 42 U.S.C. S 1997e. Cf. Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (holding that "a remedy that prison officials prevent a prisoner from 'utilizing' is not an 'available' remedy under S 1997e").

III.

The District Court's order dismissing Brown's claims is hereby vacated and the case is remanded to the District Court for further proceedings consistent with this opinion.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit